UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Hung Ha,

    Plaintiff,

    v.

U.S. Attorney General, et al.,

    Defendants.
_____/

No. C 09-5281 JL

**ORDER DENYING MOTION TO WITHDRAW CONSENT (Docket # 195)**

    The Court received Plaintiff's motion to withdraw his consent to this Court's jurisdiction, e-filed at Docket # 195, styled as "application for leave to withdraw consent to proceed before a magistrate (tentative version)." This was filed after the Court's dismissal of his complaint with prejudice and without leave to amend. (Docket # 186). The application also alleges misconduct by this Court as grounds for withdrawal of consent. So the Court will also treat Plaintiff's pleading as an affidavit of judicial misconduct under Civil Local Rule 315.

    Plaintiff's grounds for withdrawing his consent to this Court's jurisdiction,[1] as stated in an e-mail to opposing counsel, are:

    "1) judicial misconduct with the appearance of conniving with attorneys of Patton Wotan & Carlisle LLP and those of Low Ball and Lynch;

    2) judicial misconduct of actually conniving with said attorneys and, via them, their clients (who are defendants);

---

[1] The Court has corrected misspellings.

C-09-5281 ORDER                                                                                                      Page 1 of 4

3) judicial misconduct of associating with certain persons who may be or could have been indicted and prosecuted for very serious crimes under either or both California state laws and federal laws; and

4) judicial misconduct that probably are within purview of the criminal law of California state and federal law."

Plaintiff again challenges the Court's rulings denying his motions and its alleged failure to "take any action toward the offending attorneys and defendants whose misconduct is evinced in the 'motions' and failure to answer in substance the allegations of my complaint. Hon fails totally to admonish, if not discipline, defense attorneys for misconduct that is 'unbecoming of attorneys.'"

Plaintiff argues that the Court's issuance of the Order to Show Cause mischaracterizes him as one who "flagrantly abuses the justice system, instead of seeking social justice through due administration of the law."  He argues that there is no evidence in favor of the Show Cause order.

Plaintiff's legal argument is that the Court has committed misconduct, by "conniving" with defense counsel. Plaintiff argues that extraordinary circumstances exist, specifically, that the attorneys representing Defendants are themselves "extraordinary circumstances. They must be disbarred." The attorneys and this Court are "dishonest and unscrupulous."

Finally, Plaintiff argues that the Court itself "has committed such acts for which he may be indicted and be prosecuted under both California state law and federal law, by Department of Justice fo California, and U.S. Department of Justice." Plaintiff also invokes the Fifth Amendment to the U.S. Constitution as grounds for permitting him to withdraw his consent to this Court's jurisdiction.

**ANALYSIS AND CONCLUSION**

Withdrawal of consent in civil cases is not permitted except in extraordinary circumstances*, Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984) *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020 (5th Cir. 1987) (court would not "read into the statute a rule that would allow a party to express conditional consent . . .

thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome.") This view was adopted by the Ninth Circuit in *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Factors to consider include the burdens and costs to litigants, and whether consent was voluntary and uncoerced.  *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 543 (9th Cir. 1984), cert. denied 469 U.S. 824 (1984).

This Court finds that Plaintiff presents the classic instance of a litigant who is dissatisfied with the outcome of his case and seeks a new judge in hope of obtaining a more favorable disposition.

The burden and prejudice to the other litigants in this case, which is now closed, would be unacceptable, for all the reasons specified in the Court's Order regarding the vexatious litigant issue. In fact, permitting Plaintiff to withdraw his consent now would amount to reversing this Court's dismissal of his lawsuit, without an appeal.

Further, this Court lacks jurisdiction to permit Plaintiff to withdraw his consent, now that his case has been dismissed, since the Court retained jurisdiction solely to rule on the Order to Show Cause.

The Court permitted Plaintiff at the hearing on the Order to Show Cause to present evidence whether his consent had been coerced or was otherwise involuntary, but he failed to present any such evidence, nor could he counter the evidence of prejudice to Defendants if he were permitted to withdraw his consent, or the Court's lack of jurisdiction to permit him to withdraw consent, now that his case has been dismissed with prejudice and without leave to amend.

For all the above reasons, Plaintiff's application for permission to withdraw his consent to this Court's jurisdiction is denied.

**Affidavit of Judicial Misconduct**

Civil Local Rule 3-315 provides that whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally

insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge. In the case at bar, this Court finds Plaintiff's affidavit to be both legally insufficient and interposed for delay. The reason for this finding is that Plaintiff's allegations that the Court has "connived" or "conspired" with Defendants has no legal or factual basis: Plaintiff is merely dissatisfied with the Court's rulings. This is no more a justification for a finding of misconduct than it is a basis for permitting withdrawal of consent.

In addition, the Court concludes that Plaintiff's request is interposed for purposes of delay. Plaintiff filed numerous requests for extensions of time to file his appeal, for the Court to retract its unfavorable rulings, and for entry of default and other sanctions against Defendants. Many of these motions have been filed after his case was dismissed. The Court can only find that Plaintiff is filing this blizzard of meritless post-judgment motions in an attempt to forestall the inevitable end of his case. Accordingly, the Court finds no basis for referring Plaintiff's affidavit of judicial misconduct to another judge of this Court. Plaintiff's request for disqualification of the assigned judge, incorporated in Plaintiff's motion to withdraw consent, is therefore denied.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-5281\Order deny 195.wpd