UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hung Ha, | No. C 09-5281 JL |
| Plaintiff, | |
| v. | **ORDER FOR PRE-FILING REVIEW** |
| U.S. Attorney General, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Hung Ha ("Plaintiff" or "Ha") sued more than twenty-five defendants in this action. The defendants were a combination of public officials and agencies and private individuals and corporations or organizations. All of the defendants moved to dismiss the action with prejudice. The motions were heard on April 28, 2010, at which time the Court dismissed the case with prejudice and issued an Order to Show Cause ("OSC") whether Ha should be declared a vexatious litigant. The Court issued its written order dismissing the case on April 29, 2010, retaining jurisdiction solely "for the Order to Show Cause hearing whether Ha should be declared a vexatious litigant." Docket No. 186 at 18.

Defendants asked the Court to find Plaintiff to be a vexatious litigant and to require pre-filing approval for all future filings by Plaintiff in pro per in this Court.

**This Court Grants Defendants' Requests for Judicial Notice**

Pursuant to Federal Rule of Evidence 201(b), "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(d) further provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

Courts routinely take judicial notice of legal documents filed in related litigation, including pleadings, motions, and judgments. See, e.g., *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207, n. 5 (9th Cir. 1995), rev'd on other grounds, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies."); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court took judicial notice of a California court's final judgment and related filings that had a direct relation to matters at issue).

The documents submitted by Defendants in this case are all rulings by courts either in this district or in California state court in lawsuits brought by Plaintiff Ha. Therefore, this Court grants Defendants' request for judicial notice of the evidence proffered in support of their pleadings in response to the Order to Show Cause.

## BACKGROUND

Plaintiff's history in this and other courts shows that he is a vexatious litigant. Indeed, the Superior Court for the County of Alameda, on January 24, 2005, already has declared Plaintiff a vexatious litigant in that forum. (See Exhibit 1 to Request for Judicial Notice by County Defendants in support of their Motion to Dismiss.)

In its order, the Superior Court stated that Plaintiff has filed at least 5 lawsuits in the Superior Court of Alameda County in the preceding 7-year period that had been finally determined adversely to him.

In this forum, Plaintiff similarly has brought five non-meritorious pro se actions since 2004. Of these five actions:

- Each was dismissed, either by the United States District Court Judge during review of Plaintiff's request proceed In Forma Pauperis ("IFP") or by a ruling on the Defendants' motions to dismiss, resulting in no monetary judgment or equitable relief to Plaintiff;
- Each case was dismissed with prejudice, and on only two occasions was Plaintiff given leave to amend his Complaint to attempt to state a claim;
- Only one case even advanced to the responsive pleading stage, yet in each case Plaintiff filed from 10 to over 20 extraneous motions or other documents, including three motions to disqualify the judge, numerous ex parte motions, and a notice of appeal in every case except the most recent one (see Defendants cities of ALAMEDA, FREMONT, HAYWARD, and PLEASANTON's Request for Judicial Notice (hereinafter "RJN"), Exhibits A-E);
- One of Plaintiff's appeals was dismissed for failure to prosecute, and two other appeals were ordered related and the district court's decision in each affirmed.
- In the present case, Plaintiff's complaint was dismissed with prejudice and without leave to amend, yet Plaintiff attempted to file a "First Amended Complaint," and has attempted to serve it on Defendants.

**History of Plaintiff's Vexatious Federal Litigation**

On October 21, 2004, as found by District Court Judge Susan Illston, Plaintiff filed a complaint against Superior Court Judge Kenneth Mark Burr, many other state judges, state court employees, other government employees, various police officers, and various private attorneys because he was unhappy with the state court's handling of his appeal in *People v. Ha.* (See RJN, Exhibit F.) On March 7, 2005, Judge Illston dismissed Plaintiff's complaint.

On September 12, 2007, Plaintiff then filed virtually the same action against essentially the same Defendants. After the cases were ordered related and the matter

transferred to Judge Illston, she specifically noted, "[t]his is not the first time plaintiff has filed a complaint in this Court against these Defendants or in relation to his state court cases. On March 7, 2005, this Court dismissed a similar complaint and denied plaintiff's IFP application. More recently, Judge Armstrong dismissed a similar complaint filed by plaintiff…" (See RJN, Exhibit F, p. 1.) In dismissing the action, Judge Illston noted that "plaintiff's complaint fail[ed] to state a claim upon which relief [could] be granted and [was] frivolous." (See id. at p. 3.)

The "similar complaint" referenced by Judge Illston in her order dismissing Plaintiff's September 12, 2007 complaint refers to Plaintiff's complaint against various state judges wherein he was seeking review of a prefiling order of the California Court of Appeal. (See RJN, Exhibit G.) That court had denied Plaintiff's request to file an appeal in a state court lawsuit because he had been declared a vexatious litigant, and Plaintiff was instructed that federal district courts may not exercise appellate jurisdiction over state court judgments. (Id.) District Court Judge Saundra Brown Armstrong gave Plaintiff a chance to amend his complaint to state a claim, and when Plaintiff was unable to do so, she dismissed the action with prejudice on February 26, 2008.

On March 30, 2009, Plaintiff filed another meritless action, this time against U.C. Berkeley police officers and employees of the university's recreation facility. Judge Armstrong ordered all of Plaintiff's federal claims dismissed on July 17, 2009 for failure to state a claim. (See RJN, Exhibit H.)

On February 16, 2010, Plaintiff filed the instant action against Defendants for hypothetical future injuries that might result from hypothetical future actions of the co-defendants, which Plaintiff speculates could occur. On April 28, 2010, this Court issued an Order to Show Cause as to why Plaintiff should not be declared a vexatious litigant. On April 29, 2010, the Court granted Defendants' motions to dismiss Plaintiff's complaint with prejudice and without leave to amend. Notwithstanding the Court's prior orders, Plaintiff attempted to file an amended complaint and then attempted to serve the amended complaint on Defendants.

**History of Plaintiff's Vexatious State Litigation**

On January 24, 2005, the Superior Court for the County of Alameda issued an order declaring Plaintiff to be a vexatious litigant, and noted:

Plaintiff is a vexatious litigant because within the immediately preceding 7-year period, at least 5 litigations in the Superior Court of this County have been finally determined adversely to him: (1) *Ha v. Kochis* Case No. 2002-068743; (2) *Ha v. Fry* Case No. 2002-070272; (3) *Ha v. Rhoden* Case No. 2002-073252; (4) *Ha v. Aranas* Case No. 2002-073289; (5) *Ha v. County of Alameda* Case No. RG03-088377. (See Exhibit 1 to Request for Judicial Notice by County Defendants in support of their Motion to Dismiss.)

## ANALYSIS

### A.     Plaintiff Should Be Declared A Vexatious Litigant In This Case

Courts may restrict litigants with abusive and lengthy histories from filing further actions.  (28 U.S.C. § 1651 (a).)  A federal court has "the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." (*Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).)  Such pre-filing orders may enjoin the potential litigant from filing an action unless certain criteria are met. (*Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (upholding order requiring pro se litigant to obtain district court approval prior to filing further complaints).)

The Ninth Circuit has set out four factors that district courts should consider when considering whether a particular litigant is vexatious and issuing a pre-filing order.  (*DeLong v. Hennessey*, 912 F.2d 1144, 1147-1148 (9th Cir. 1990).)  Those factors are: (1) notice, (2) adequate record for review; (3) substantive findings of frivolousness; and (4) narrowly tailored order to prevent litigant's abusive behavior.  (Id.)  Additionally, in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007), the Ninth Circuit ruled that the district court may also consider five additional factors: (1) the litigant's history of litigation, in particular vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has imposed an unnecessary burden on the

courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. (Id. at 1058; and see *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d. Cir. 1986).) In *Molski*, the Ninth Circuit stated that the *Safir* factors assist the court by providing a "helpful framework for applying the two substantive factors" (i.e., factors three and four) of the *DeLong* test. (*Molski*, 500 F.3d at 1058.)

### 1. Notice

Due process requires that the potentially vexatious litigant be provided with notice and an opportunity to oppose the order prior to its issuance. (DeLong, 912 F.2d at 1147.)

Here, this Court issued notice of an order to show cause hearing as to why Plaintiff should not be considered a vexatious litigant. This Court retained jurisdiction over this matter specifically for the purpose of this order to show cause hearing, and mentioned that fact on two occasions in its order dismissing Plaintiff's complaint. Plaintiff thus had adequate notice that he could be declared a vexatious litigant, and ample opportunity to respond to the Court's order to show cause.

### 2. Adequate Record for Review

The second requirement is for "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." (*Molski*, 500 F.3d at 1058.)

Plaintiff's history includes the following cases:

- *Ha v. Burr, et al.* (N.D. Cal., No. 3:04-cv-04464-SI) filed 10/21/04 and dismissed on 03/07/05.
- *Ha v. Burr, et al.* (N.D. Cal., No. 3:07-cv-04699-SI) filed 09/12/07 and dismissed on 12/19/07.
- *Ha v. McGuiness, et al.* (N.D. Cal., No. 4:07-cv-03777-SBA) filed 07/23/07 and dismissed on 02/26/08.
- *Ha v. Sweet, et al.* (N.D. Cal., No. 4:09-cv-01392-SBA) filed 03/30/09 and dismissed on 07/16/09.

- *Ha v. U.S. Attorney General, et al.* (N.D. Cal., No. 3:09-cv-05281-JL) filed 11/05/09 and dismissed on 04/29/10.

Additionally, the motions filed within each of the listed cases are to be considered in the Court's determination. (See *Molski*, 500 F.3d at 1058.)  The docket sheet for each of the above cases evidences a pattern of harassing and frivolous motions. (See RJN, Exhibits A-E.)  For example, Plaintiff filed a motion to disqualify the judge in each case after the judge ordered his complaint dismissed. Additionally, Plaintiff filed such motions as an "ex parte motion to set aside order dismissing case" (See RJN, Exhibit B, p. 3), "First Amended Application for Leave to File Motion to Reconsider Previous Motion to Set Aside Order of Dismissal and Judgment" (See RJN, Exhibit C, p. 7), a motion for sanctions after his complaint was dismissed (See RJN, Exhibit E, p. 27), and motions for entry of defaults against several defendants in the instant case after they had filed responsive pleadings. (See id.)  The record thus amply establishes Plaintiff's history of filing duplicative and unmeritorious actions.

### 3.     Substantive Findings of Frivolousness or Harassing Nature

The district court is to "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." (*Molski*, 500 F.3d at 1059 (citations omitted)) Plaintiff has filed five actions in the Northern District of California since 2004.  Within each of those actions, he has filed numerous meritless motions and ex parte applications. Plaintiff has not received any monetary judgment or equitable relief from any of these actions.  Indeed, Plaintiff has never been able to even state a cause of action against any of the defendants he alleges caused him harm.

In the present case, Plaintiff went so far as to seek default judgments against several Defendants because they filed motions to dismiss instead of answering his most recent meritless complaint.  After this Court dismissed his lawsuit with prejudice and without leave to amend, Plaintiff attempted to file and serve an amended complaint on all Defendants. (See Defendants Cities of Brentwood, Concord, Pittsburg, Richmond and San Pablo's Response to This Court's Order to Show Cause.) Plaintiff's litigious history in this court and his failure to ever file a complaint that has stated a claim for which relief could be

1 granted, provide ample justification for this Court to declare him to be a vexatious litigant
2 and require pre-filing review of any complaint he attempts to file.

3 Plaintiff's frivolous actions have required, and continue to require, Defendants to
4 expend extremely limited resources in responding to his filings. Responding Defendants
5 herein are public entities with limited public resources, facing extreme budgetary
6 constraints. Plaintiff's continued frivolous measures are unduly burdensome to the public
7 at large and to this Court.

**4. Breadth of Order**

Plaintiff has filed meritless complaints in the Northern District against many different public and private individuals. The only way to protect those individuals from future harassing and frivolous lawsuits is to require pre-filing review of all Plaintiff's future pro se filings.

**ORDER**

Accordingly, it is hereby ordered that any future civil pro se filing by Plaintiff in this district shall be subject to pre-filing review by a judge of this Court.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-5281\Order pre-filing review.wpd