1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Hung Ha,                                                 No. C 09-5281  JL

        Plaintiff,

        v.                                              **ORDER DENYING FEES FOR**
                                                         **TRANSCRIPT ON APPEAL AND FOR IN**
U.S. Attorney General, et al.,                           **FORMA PAUPERIS STATUS ON**
                                                         **APPEAL**
        Defendants.
_____/

     Plaintiff Hung Ha moves for waiver of costs for the reporter's transcript on appeal.

(Transcript Designation at Docket No. 282) This Court dismissed his complaint with

prejudice and without leave to amend on April 29, 2010 (Order at Docket No. 186) and

found him to be a vexatious litigant, any future pro se pleadings to be subject to pre-filing

review (Order filed July 1, 2010 at Docket No. 230). He filed his Notice of Appeal on June

28, 2010 at Docket No. 279 (Court of Appeals Case No. 10-16506).

     By statute, specifically, 28 U.S.C. § 1915(a)(3), an appeal may not be taken in forma

pauperis if the trial court certifies in writing that it is not taken in good faith. The §1915(a)(3)

determination remains within the jurisdiction of the trial court after the filing of the appeal as

a step that aids in the appeal.  *In re Rains*, 428 F.3d 893, 904 (9th Cir.2005)

     In this case, the court is not persuaded that Plaintiff Ha is taking this appeal in good

faith, following the Court's finding that  Ha is a vexatious litigant. (Order filed July 29, 2010

at Docket No.284). The Court has also referred Mr. Ha, a licensed California attorney, to

**United States District Court**
For the Northern District of California

1   the State Bar of California for possible discipline for his abuse of the judicial process.

2   Accordingly, this Court certifies that the appeal in this case "is not taken in good faith."

3   Hence, § 1915(a)(3) does not permit granting of in forma pauperis status.

4        Ha has also submitted a Designation of Transcript, seeking public payment of the

5   costs for transcripts on appeal for two of the proceedings before this Court, the hearing on

6   the motions of all Defendants to dismiss his complaint, which was granted with prejudice

7   and without leave to amend, and the Order to Show Cause hearing after which he was

8   found to be a vexatious litigant, whose future pro se pleadings in this Court would be

9   subject to pre-filing review.

10       A certification pursuant to the penultimate sentence of 28 U.S.C. § 753(f) requires

11  that the trial judge determine that the appeal by a person "permitted to appeal in forma

12  pauperis" "is not frivolous" and that it "presents a substantial question." These latter two

13  elements are separate, and an order directing the United States to pay for a transcript

14  necessarily entails a favorable determination on each element. *Henderson v. U.S.*, 734

15  F.2d 483, 484 (9th Cir.1984).

16       The penultimate sentence of § 753(f) provides:

17  § 753. Reporters Transcript

18       (f) ... Fees for transcripts furnished in other [i.e. not criminal and not habeas corpus]
        proceedings to persons permitted to appeal in forma pauperis shall also be paid by
19       the United States if the trial judge or a circuit judge certifies that the appeal is not
        frivolous (but presents a substantial question).... 28 U.S.C. § 753(f).

20

21       These two determinations are matters of judicial discretion. *Thomas v. Computax*

    *Corp.*, 631 F.2d 139, 143 (9th Cir.1980) ("the Court's discretion"). Although the trial judge
22
    makes an independent determination in the exercise of judicial discretion, the § 753(f)
23
    burden ultimately is on the appellant to persuade the trial judge and, if necessary, a circuit
24
    judge. *Jaffe v. U.S.*, 246 F.2d 760, 761-62 (2d Cir.1957) (L.Hand, J.); *Sharpe v. Ogar*, 2008
25
    WL 5000155, at *1 (D.Ariz.2008).
26
        As to the initial determination in this case regarding frivolity, there is little difficulty.
27
    Plaintiff has been found to be a vexatious litigant in both state court and now in this Court,
28

**United States District Court**
For the Northern District of California

1    after his Complaint was dismissed with prejudice and without leave to amend, but not

2    before his filing of numerous pointless pleadings, even after instructions from the Court not

3    to do so, for example attempting to file and serve Defendants with an Amended Complaint

4    following denial by the Court of his request for leave to amend.

5         The second required determination, that the appeal "presents a substantial

6    question," also poses no difficulty. In considering whether an appeal presents a "substantial

7    question," the trial judge may assess the nature of the appeal by taking into account the

8    statement of issues and related material. *Gonzales v. Riddle*, 2008 WL 4723779, at *1

9    (E.D.Cal.2008). There is a "substantial question" when the issue before the appellate court

10   is reasonably debatable. *Washburn v. Fagan*, 2007 WL 2043854, at *2 (N.D.Cal.2007),

11   citing with approval, *Ortiz v. Greyhound Corp.*, 192 F.Supp. 903, 905 (D.Md.1959). In this

12   case, Plaintiff Ha sued a number of public and private entities, including cities, police

13   departments, and a nonprofit agency, for purely hypothetical relief on the basis of his

14   concerns that he would be ejected from the premises of the agency that had barred him

15   after his confrontations with staff and misuse of its job search facilities. He sought an

16   injunction against the cities and police departments that they be precluded from responding

17   to any call from the agency if he should trespass on its premises. This is not a debatable

18   issue nor does it represent a substantial question.

19        For all the above reasons, Plaintiff's application to file in forma pauperis on appeal

20   and for public payment for transcripts on appeal is denied.

21        IT IS SO ORDERED.

22   DATED: August 11,   2010

23

24   _____
     James Larson
25   United States Magistrate Judge

26

27
     G:\JLALL\CASES\CIVIL\09-5281\Deny Free IFP appeal.wpd
28